

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JAMES LEFEVRA,**
**Plaintiff,**

**v.**

**Civil Action No. **_2449SC000534_**

**JUDGE ROBERT JUBINVILLE, in his**
**individual capacity;**
**FRAMINGHAM DISTRICT COURT;**
**CIVIL COURT ADMINISTRATOR**
**(name unknown);**
**CARLOS [LAST NAME], Court Clerk;**
**JUDGE JOHN DOE (second judge),**
**in his individual capacity;**
**JAMES DOUCETTE, individual;**
**Defendants.**

-----

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### I. NATURE OF ACTION

1. This is a civil rights action under 42 U.S.C. § 1983 seeking damages and injunctive relief for systematic violations of Plaintiff's constitutional rights to due process, equal protection, and access to courts.

### II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).
1. Venue is proper in this District under 28 U.S.C. § 1391(b) as the events giving rise to this action occurred within this judicial district.
1. This action seeks relief under 42 U.S.C. § 1983 for violations of rights secured by the Constitution and federal law.

### III. PARTIES

1. Plaintiff James Lefevra is an individual and resident of Massachusetts appearing pro se.
1. Defendant Judge Robert Jubinville is sued in his individual capacity as a judge of the Framingham District Court who acted under color of state law in violating Plaintiff's constitutional rights.
1. Defendant Framingham District Court is a state court institution responsible for the

administration of justice.
1. Defendant Civil Court Administrator (name unknown) is the administrative officer responsible for court operations and personnel supervision.
1. Defendant Carlos [Last Name] is a court clerk employed by Framingham District Court who acted under color of state law.
1. Defendant Judge John Doe is sued in his individual capacity as a judge who violated Plaintiff's procedural due process rights.
1. Defendant James Doucette is an individual who, in concert with state court defendants, has evaded a valid court judgment through systematic court bias enabling his conduct.

### IV. STATEMENT OF FACTS

#### A. DOUCETTE JUDGMENT EVASION AND COURT-ENABLED FRAUD

1. On or about April 1, 2022, Defendant James Doucette fraudulently took $3,500 belonging to Plaintiff James Lefevra through false pretense and coercion.
1. Wendy Lefevra witnessed Defendant James Doucette's fraudulent taking, but Plaintiff is prohibited from contacting her due to restraining order issued by Judge Robert Jubinville.
1. **Judge Robert Jubinville's restraining order prevents Plaintiff from obtaining crucial witness testimony, demonstrating additional systematic bias affecting Plaintiff's ability to pursue justice.**
1. Criminal proceedings were initiated against James Doucette for the fraudulent taking.
1. Civil proceedings followed, resulting in a court judgment against James Doucette in favor of Plaintiff James Lefevra in the amount of $3,500.
1. The civil judgment was entered approximately 1.5 years ago (early 2023).
1. Defendant James Doucette failed to appear for court-ordered payment review hearing.
1. A capias was issued by the court for James Doucette's failure to appear.
1. Despite the court order and capias, James Doucette has willfully refused payment for 1.5+ years.
1. James Doucette is constantly employed and earning regular income, demonstrating clear ability to satisfy the judgment.
1. The current amount owed, including statutory interest, is approximately $4,200-$4,500.
1. James Doucette's continued employment while refusing court-ordered payment constitutes willful contempt of court.

#### B. SYSTEMATIC JUDICIAL BIAS BY JUDGE ROBERT JUBINVILLE

1. Judge Robert Jubinville has demonstrated a pattern of bias against Plaintiff James Lefevra across multiple proceedings.
1. In the Lefevra v. Lefevra restraining order case, Judge Robert Jubinville ignored photographic evidence of physical assault against Plaintiff (bite marks).
1. Judge Robert Jubinville referenced an unverified 1999 restraining order without providing foundation or details.
1. When Plaintiff James Lefevra requested clarification about the 1999 reference, Judge Robert Jubinville became hostile and refused to provide specifics.
1. Plaintiff James Lefevra informed Judge Robert Jubinville of exonerating co-defendant testimony from Wrentham Court that cleared Plaintiff of criminal wrongdoing, but Judge

Jubinville ignored this evidence of innocence.
1. Judge Robert Jubinville allowed Defendant James Doucette to introduce irrelevant and prejudicial character evidence against Plaintiff.
1. At the commencement of a hearing involving James Doucette, Plaintiff James Lefevra respectfully requested "a few minutes to speak about personal matters," to which Judge Robert Jubinville responded harshly "about what?!" and sternly denied the request before immediately proceeding with the hearing.
1. Judge Robert Jubinville's hostile tone and immediate rejection of reasonable requests demonstrates personal animus against Plaintiff James Lefevra.
1. Judge Robert Jubinville has shown a consistent pattern of treating Plaintiff with hostility while demonstrating favoritism toward opposing parties.

#### C. ADMINISTRATIVE CONSPIRACY AND PROCEDURAL VIOLATIONS

1. On July 31, 2025, Plaintiff James Lefevra filed emergency motions requiring immediate judicial review.
1. Some motions were inadvertently filed without signatures due to court-imposed time pressures and lack of reasonable assistance required for pro se litigants.
1. Court personnel repeatedly promised return phone calls that never occurred.
1. Despite the emergency nature of the motions, Judge Robert Jubinville personally scheduled the matter for regular hearing on August 21, 2025, instead of emergency review.
1. Judge Robert Jubinville's personal involvement in scheduling proceedings in which he has demonstrated bias creates an improper conflict of interest.
1. Court clerk Carlos engaged in delay tactics during the motion filing process.
1. No explanation was provided for the denial of emergency status despite proper legal grounds.
1. The court's rejection of unsigned motions, while failing to provide reasonable assistance to the pro se litigant, violates established federal precedent.

#### D. ADDITIONAL DUE PROCESS VIOLATIONS

1. Judge John Doe refused to hear Plaintiff James Lefevra's pending motions before proceeding with a scheduled hearing.
1. Despite Plaintiff's repeated objections, Judge John Doe proceeded without addressing properly filed motions.
1. This pattern demonstrates systematic discrimination against pro se litigants compared to represented parties.

### V. CAUSES OF ACTION

#### COUNT I: DENIAL OF ACCESS TO COURTS (42 U.S.C. § 1983)

1. Defendants, acting under color of state law, systematically denied Plaintiff James Lefevra's fundamental constitutional right to meaningful access to courts.
1. The administrative delays, judicial bias, and procedural obstruction violated clearly established federal law.
1. Pro se litigants are entitled to reasonable assistance and equal treatment under Bounds v. Smith, 430 U.S. 817 (1977).

1. Plaintiff has suffered actual damages including court costs, lost wages, and denial of emergency judicial relief.

#### COUNT II: DENIAL OF DUE PROCESS (14th Amendment)

1. Defendants denied Plaintiff due process of law through biased judicial proceedings and systematic administrative obstruction.
1. The pattern of discrimination based on pro se status violates equal protection principles under the Fourteenth Amendment.
1. Technical filing requirements cannot be used to deny substantive constitutional rights to unrepresented parties.

#### COUNT III: CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985)

1. Defendants acted in concert to deny Plaintiff's constitutional rights through systematic bias and administrative obstruction.
1. An agreement existed between court personnel to obstruct emergency motions and delay proceedings affecting Plaintiff.
1. Systematic bias against pro se litigants constitutes unlawful class-based discrimination.

#### COUNT IV: VIOLATION OF PRO SE LITIGANT RIGHTS

1. Courts have an affirmative constitutional duty to liberally construe pro se filings under Haines v. Kerner, 404 U.S. 519 (1972).
1. Technical deficiencies in pro se filings must be overlooked in favor of substantive claims under established federal precedent.
1. Defendants violated clearly established law requiring reasonable assistance to pro se litigants.
1. Defendants applied stricter procedural standards to pro se filings than to attorney-prepared documents, violating equal protection.

#### COUNT V: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

1. Defendants' systematic bias and procedural delays have prevented collection of a valid $3,500 court judgment for over 1.5 years.
1. The systematic denial of emergency relief has enabled Defendant James Doucette's continued unlawful retention of Plaintiff's property.
1. The conspiracy between court officials and judgment debtor to prevent collection violates substantive due process under the Fourteenth Amendment.

#### COUNT VI: INTERFERENCE WITH WITNESS ACCESS

1. **Judge Robert Jubinville's restraining order prevents Plaintiff from contacting key witness Wendy Lefevra regarding the fraudulent taking by James Doucette.**
1. **This restriction on witness access violates Plaintiff's constitutional right to due process and effective presentation of claims.**
1. **The systematic denial of witness access demonstrates additional bias and constitutional

violation by Judge Robert Jubinville.**

### VI. DAMAGES

1. **Past Damages:** Court costs ($29.20), lost wages (60+ hours at $35/hour = $2,100+), travel expenses, and emotional distress from 1.5+ years of constitutional violations.
1. **Ongoing Damages:** Daily interest accrual on the $4,200-$4,500 judgment, continuing court costs, and ongoing lost wages.
1. **Future Damages:** Additional court time and costs if constitutional violations continue.
1. **Punitive Damages:** Willful and malicious violations warrant punitive relief against all defendants.
1. **Witness Access Damages:** Inability to obtain crucial witness testimony due to Judge Jubinville's restraining order.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Lefevra respectfully prays this Honorable Court:

A. **Grant emergency temporary restraining order** requiring Framingham District Court to schedule emergency hearing within 48 hours or transfer jurisdiction to this Court;

B. **Issue preliminary injunction** transferring the Doucette matter to federal jurisdiction due to systematic state court bias;

C. **Order emergency asset preservation** including freezing all bank accounts of James Doucette and implementing wage garnishment of his employment income;

D. **Compel immediate accounting** of all moneys wrongfully withheld by James Doucette since April 1, 2022;

E. **Order restitution** of the original $3,500 judgment plus statutory interest totaling approximately $4,200-$4,500;

F. **Issue declaratory judgment** that technical filing requirements cannot deny substantive constitutional rights to pro se litigants;

G. **Require injunctive relief** mandating liberal construction of pro se filings per Haines v. Kerner;

H. **Order reasonable assistance** to pro se litigants as required by Bounds v. Smith;

I. **Mandate judicial recusal** of Judge Robert Jubinville from all cases involving Plaintiff James Lefevra;

J. **Award monetary damages** for documented violations including court costs, lost wages, travel expenses, and constitutional harm;

K. **Impose punitive damages** against defendants for willful constitutional violations;

L. **Award attorney fees and costs** under 42 U.S.C. § 1988;

M. **Order systemic reform** of court procedures affecting pro se litigants;

N. Grant such other relief as this Court deems just and proper.

### VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

**Respectfully submitted,**

----- *J. Lefovra*

JAMES LEFEVRA
James Lefevra, Pro Se
[10 Curve st. Fram. Ma. 01702]
[508-250-6051]

-----

# DOCUMENT 2: EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JAMES LEFEVRA,**
**Plaintiff,**

**v.**

**Civil Action No. **_2449SC000534_**

**JUDGE ROBERT JUBINVILLE, et al.,**
**Defendants.**

-----

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE COURT:**

NOW COMES Plaintiff James Lefevra, proceeding pro se, and respectfully moves this Court for immediate temporary restraining order against Defendants, and in support thereof states:

### I. EMERGENCY CIRCUMSTANCES REQUIRING IMMEDIATE RELIEF

1. **Constitutional violations occurring daily:** Systematic bias against pro se litigant continues with each passing day.
1. **Asset dissipation threat:** Defendant James Doucette continues earning income while evading $4,500 court-ordered judgment.
1. **Evidence destruction risk:** Ongoing procedural delays allow concealment of assets and financial records.
1. **Irreparable constitutional harm:** Denial of due process and court access cannot be remedied by monetary damages alone.

### II. LIKELIHOOD OF SUCCESS ON THE MERITS

1. **Documented constitutional violations:** Pattern of bias against pro se status clearly established.
1. **Clear legal precedent:** Haines v. Kerner and Bounds v. Smith mandate equal treatment of pro se litigants.
1. **Factual evidence:** Timeline of delays, hostile judicial conduct, and systematic obstruction documented.
1. **Individual liability:** Defendants acted outside scope of judicial/administrative immunity.

### III. IRREPARABLE HARM

1. **Constitutional rights cannot be restored:** Once violated, due process and equal protection require prospective relief.
1. **Daily continuing violations:** Each day of delay creates additional constitutional harm.
1. **Judgment collection prevented:** $4,500 owed to Plaintiff being evaded through court bias enabling debtor.
1. **Systematic precedent:** Continued violations encourage discrimination against other pro se litigants.

### IV. BALANCE OF HARDSHIPS

1. **Plaintiff's constitutional rights outweigh administrative convenience:** Fundamental rights take priority over court scheduling preferences.
1. **Minimal burden on defendants:** Providing constitutional due process is their sworn duty.
1. **Public interest favors relief:** Enforcement of constitutional rights serves broader public good.

### V. IMMEDIATE RELIEF REQUESTED

WHEREFORE, Plaintiff James Lefevra respectfully requests this Court issue immediate temporary restraining order:

A. **STAYING all proceedings** in Framingham District Court pending resolution of constitutional violations;

B. **COMPELLING immediate emergency hearing** within 48 hours or transfer of jurisdiction to this Court;

C. **FREEZING all assets** of Defendant James Doucette including bank accounts and wage garnishment of employment income;

D. **PROHIBITING any retaliation** against Plaintiff James Lefevra for filing this federal civil rights action;

E. **REQUIRING preservation** of all court records, audio recordings, and administrative communications;

F. **SCHEDULING emergency hearing** on this motion within 24 hours;

G. Such other relief as this Court deems just and necessary.

**Respectfully submitted,**

----- *J. Lefevra*

JAMES LEFEVRA
James Lefevra, Pro Se
[10 Curve St. Fram. Ma. 01702]
[508-250-6051]

-----

# DOCUMENT 3: MOTION FOR PRELIMINARY INJUNCTION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JAMES LEFEVRA,**
**Plaintiff,**

**v.**

**Civil Action No. **_2449SC000534_**

**JUDGE ROBERT JUBINVILLE, et al.,**
**Defendants.**

-----

## MOTION FOR PRELIMINARY INJUNCTION

**TO THE HONORABLE COURT:**

NOW COMES Plaintiff James Lefevra, proceeding pro se, and respectfully moves this Court for preliminary injunctive relief against Defendants, and in support thereof states:

### I. STANDARDS FOR PRELIMINARY INJUNCTIVE RELIEF MET

#### A. STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

1. **Documented pattern of constitutional violations** by state court defendants against pro se litigant.
1. **Clear federal precedent** establishing pro se rights under Haines v. Kerner and Bounds v. Smith.
1. **Individual liability** established for actions outside scope of judicial immunity.
1. **Systematic bias** demonstrated across multiple proceedings and administrative functions.

#### B. IRREPARABLE HARM ESTABLISHED

1. **Constitutional violations create per se irreparable harm** that cannot be remedied by monetary damages.
1. **Ongoing denial of court access** continues daily pending resolution.
1. **Systematic bias precedent** affects other pro se litigants if not immediately remedied.
1. **Financial harm from judgment evasion** compounds daily through enabled court bias.

#### C. BALANCE OF HARDSHIPS FAVORS PLAINTIFF

1. **Fundamental constitutional rights** outweigh administrative convenience or institutional preferences.
1. **Defendants' burden minimal:** Providing constitutional due process is their sworn obligation.
1. **Plaintiff's harm severe:** Denial of justice, financial loss, and constitutional violations ongoing.

#### D. PUBLIC INTEREST FAVORS INJUNCTIVE RELIEF

1. **Public interest in constitutional enforcement** strongly favors relief.
1. **Equal access to justice** serves broader societal interests.
1. **Preventing systematic bias** protects rights of all pro se litigants.

### II. SPECIFIC INJUNCTIVE RELIEF REQUESTED

#### A. JUDICIAL OVERSIGHT AND TRANSFER

1. **Federal assumption of jurisdiction** over all matters involving Plaintiff James Lefevra currently pending in Framingham District Court.
1. **Prohibition against Judge Robert Jubinville** participating in any capacity in cases involving Plaintiff.
1. **Mandatory recusal** of Judge Robert Jubinville from all current and future proceedings

involving Plaintiff James Lefevra.

#### B. PROCEDURAL PROTECTIONS

1. **Requirement of liberal construction** of all pro se filings by Plaintiff per federal mandate.
1. **Reasonable assistance mandate** for court personnel interacting with Plaintiff.
1. **Equal treatment requirement** comparable to represented parties in all procedural matters.

#### C. EMERGENCY COLLECTION ENFORCEMENT

1. **Immediate wage garnishment** against James Doucette's current employment.
1. **Asset preservation orders** freezing all known bank accounts and financial assets.
1. **Discovery orders** requiring disclosure of all income sources and financial accounts.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Lefevra respectfully requests this Court:

A. Grant preliminary injunctive relief as specified above;
B. Assume federal jurisdiction over all related state court matters;
C. Order immediate compliance with constitutional requirements;
D. Schedule expedited hearing on permanent injunctive relief;
E. Grant such other relief as deemed appropriate.

**Respectfully submitted,**

-----  *[signature]*

JAMES LEFEVRA
James Lefevra, Pro Se
[10 Curve St. Fram. Ma. 01702]
[508-250-6051]

-----

# DOCUMENT 4: EMERGENCY MOTION FOR ASSET PRESERVATION AND WAGE GARNISHMENT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JAMES LEFEVRA,**
**Plaintiff,**

**v.**

**Civil Action No. **_2449SC000534_**

**JAMES DOUCETTE, et al.,**
**Defendants.**

-----

## EMERGENCY MOTION FOR ASSET PRESERVATION AND WAGE GARNISHMENT

**TO THE HONORABLE COURT:**

NOW COMES Plaintiff James Lefevra, proceeding pro se, and respectfully moves this Court for immediate asset preservation and wage garnishment orders against Defendant James Doucette, and in support thereof states:

### I. GROUNDS FOR IMMEDIATE COLLECTION RELIEF

1. **Valid state court judgment** exists in favor of Plaintiff James Lefevra against Defendant James Doucette in the amount of $3,500.
1. **Judgment entered approximately 1.5 years ago** with continuing accrual of statutory interest.
1. **Current amount owed** totals approximately $4,200-$4,500 including accrued interest.
1. **Capias issued** by state court for James Doucette's failure to appear at payment review hearing.
1. **Willful evasion** demonstrated by 1.5+ years of non-payment despite court order.

### II. ABILITY TO PAY ESTABLISHED

1. **Defendant James Doucette is constantly employed** and earning regular income.
1. **Employment status verified** through ongoing observation since last court hearing.
1. **Ability to satisfy judgment** clearly demonstrated by steady employment.
1. **Willful refusal to pay** constitutes bad faith and contempt of valid court order.

### III. EMERGENCY CIRCUMSTANCES

1. **Asset dissipation risk:** Continued employment income being earned without satisfaction of judgment.
1. **Evasion tactics:** Pattern of avoiding court proceedings and collection efforts.
1. **Time sensitivity:** Each day of delay allows additional income to be earned and potentially concealed.
1. **Collection urgency:** Federal court intervention necessary due to state court bias enabling evasion.

### IV. FEDERAL JURISDICTION FOR COLLECTION

1. **State court bias documented:** Systematic delays and procedural obstruction preventing effective collection.
1. **Federal collection powers superior:** Cross-jurisdictional enforcement and stronger

contempt sanctions.
1. **Constitutional violations:** State court's enabling of judgment evasion violates due process.

### V. RELIEF REQUESTED

WHEREFORE, Plaintiff James Lefevra respectfully requests this Court:

A. **Order immediate wage garnishment** of 25% of Defendant James Doucette's employment income until judgment satisfied;

B. **Freeze all bank accounts** and financial assets of Defendant James Doucette pending full payment;

C. **Compel asset disclosure** requiring James Doucette to provide complete financial statement within 10 days;

D. **Issue writs of garnishment** to all known employers of James Doucette;

E. **Order immediate payment** of accrued judgment totaling $4,200-$4,500;

F. **Impose contempt sanctions** for willful evasion of valid court judgment;

G. **Award additional damages** for costs of collection and enforcement;

H. Grant such other relief as deemed appropriate.

**Respectfully submitted,**

----- *J. Lefevra* (signature)

JAMES LEFEVRA
James Lefevra, Pro Se
[10 Curve St. Fram. Ma. 01702]
[508-250-6051]

-----

# DOCUMENT 5: MOTION FOR EMERGENCY HEARING

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JAMES LEFEVRA,**
**Plaintiff,**

**v.**