UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES LEFEVRA,<br><br>    Plaintiff,<br><br>    v.<br><br>JUDGE ROBERT JUBINVILLE, et al.,<br><br>    Defendants. | Civil Action No. 25-12247-MJJ |

**MEMORANDUM AND ORDER**

October 24, 2025

**JOUN, D.J.**

      James Lefevra ("Mr. Lefevra"), who is representing himself, brings this action under 42 U.S.C. § 1983, alleging that state court judges and court employees have engaged in "systematic violations of Plaintiff's constitutional rights to due process" in the course of adjudicating a civil action in which Mr. Lefevra is the plaintiff. [Doc. No. 6 at 1]. Mr. Lefevra has also filed a motion for leave to proceed *in forma pauperis* and two emergency motions in which he asks this Court to insert itself in the state court action. [Doc. Nos. 2, 3, 5].

**I.    Motion for Leave to Proceed *in Forma Pauperis***

      In his motion for leave to proceed *in forma pauperis* [Doc. No. 2], Mr. Lefevra does not disclose his income or assets. However, based on information Mr. Lefevra provided in the *in forma pauperis* motion he filed in *Lefevra v. Doucette*, C.A. No. 25-12182 (D. Mass.) [Doc. No. 2], the Court concludes that Mr. Lefevra is unable to pay the $405 filing fee. Accordingly, the Court GRANTS the motion.

## II.  Screening of the Complaint

Because Mr. Lefevra is proceeding *in forma pauperis*, his Amended Complaint is subject to a preliminary screening under 28 U.S.C.§ 1915(e)(2), which authorizes a federal court dismiss an action in which a plaintiff is proceeding *in forma pauperis* if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court may also *sua sponte* consider relevant jurisdictional issues, including whether the exercise of its jurisdiction is appropriate when a related state proceeding is pending. *See Guillemard-Ginoria v. Contreras-Gomez,* 585 F.3d 508, 517-18 (1st Cir. 2009). In conducting this review, the Court liberally construes Mr. Lefevra's amended complaint because he is representing himself. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### A.  Statement of the Claim

According to Mr. Lefevra, in early 2023 he prevailed in a civil action against James Doucette adjudicated in the Framingham District Court. [Doc. No. 6 at 2] Mr. Lefevra claims that Doucette has, for over eighteen months, "willfully refused" to pay the monetary judgment in Mr. Lefevra's favor despite Doucette's "clear ability" to do so. [*Id.*]. Mr. Lefevra alleges that, on July 24, 2025, a "[r]eview of payment order" was held, during which "no change to the existing payment order" was made "despite 1+ years of systemic non-compliance." [*Id.*]. Mr. Lefevra estimates that the current amount owed to him, including statutory interest, is $4,200-$4,500. [*Id.*].

Mr. Lefevra claims that "[s]ix different judges and magistrates presided over [the] Doucette matter without meaningful enforcement." [*Id.*]. The judicial officers' alleged misconduct includes treating Mr. Lefevra "with hostility while demonstrating favoritism toward

2

opposing parties," speaking "harshly" to Mr. Lefevra," refusing to hear time-sensitive motions on an emergency basis, "refusing to hear [Mr. Lefevra's] 50+ pending motions before proceeding with [a] hearing," failing to provide an explanation "for the denial of emergency status despite proper legal grounds," and demonstrating bias. [*Id.* at 2, 3].

Mr. Lefevra further alleges that that "[c]ourt personnel repeatedly promised return phone calls that never occurred," and that the court "reject[ed] . . . unsigned motions, while failing to provide reasonable assistance to the pro se litigant." [*Id.* at 3]. According to Mr. Lefevra, "[a]n agreement existed between court personnel to obstruct emergency motions and delay proceedings affecting [him]." [*Id.*].

Mr. Lefevra brings claims for denial of access to the courts, denial of due process, a "conspiracy to violate civil rights," "violation of pro se litigant rights" and "interference with witness access." [*Id.* at 3-4]. Mr. Lefevra includes in his prayer for relief a demand for damages and requests that this Court require the state court "to schedule [an] emergency hearing within 48 hours or transfer jurisdiction to this Court," [i]ssue [a] preliminary inunction transferring the Doucette matter to federal jurisdiction," and [r]equire injunctive relief mandating liberal construction of pro se filings." [*Id.* at 4]. In a separate motion for emergency relief, Mr. Lefevra asks, *inter alia*, to "order immediate preservation" of certain court records and "compel immediate transfer" of the case "to this federal court." [Doc. No. 5 at 2].

    **B.    Discussion**

        **1.    Jurisdiction**

The Court lack jurisdiction to adjudicate Mr. Lefevra's state court proceeding against Doucette. "Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of

jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass. Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). Federal district courts have original subject matter jurisdiction over cases where a plaintiff (1) brings a claim arising under federal law; or (2) brings a claim under state law against a defendant who is domiciled in another state, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Mr. Lefevra's action against Doucette does not fit into either category. In addition, where a plaintiff commences an action in a state court that also could have been filed in a federal court, only the *defendant* has the option of removing the case to the federal court. *See* 28 U.S.C. § 1441(a).

Moreover, the Court does not have jurisdiction to insert itself into the pending state action. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287, (1970). This case does not present any of the few exceptions to this policy.

B.   **Failure to State a Claim for Relief**

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not as onerous as a "'probability

4

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

### 1. Judicial Immunity

Mr. Lefevra has failed to state a claim against the judicial officers upon which relief may be granted because of the doctrine of judicial immunity. Judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Further, under § 1983, injunctive relief against a judicial officer is not available "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, no declaratory decree is at issue, and this is not a situation where declaratory relief is unavailable--further judicial review is available in the state courts. *See, e.g.*, *Grove v. Groome*, 817 Fed. App'x 551, 555 (10th Cir. 2020) (concluding that declaratory relief was not "unavailable" where plaintiff had been able to petition the state appellate court to consider the merits of his appeal).

### 2. Framingham District Court

Framingham District Court, which is an arm of the Commonwealth, is not subject to suit in this Court concerning the matters raised in the complaint. Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity.

*See Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).[1] ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on the ground of Eleventh Amendment immunity). Here, Mr. Lefevra has not stated any claim for which Congress has abrogated, or the Commonwealth has waived, its immunity. Therefore, he has failed to state a claim against the Framingham District Court upon which relief may be granted.[2]

### 3. "Court Clerk Carlos" and "Civil Court Administrator"

Mr. Lefevra has also failed to plausibly plead that court employees violated his civil rights. Mr. Lefevra's allegations of wrongdoing by court staff—including "Court clerk Carlos engaged in delay tactics during the motion filing process," "[c]ourt personnel repeatedly promised callbacks that never occurred," "[s]ome motions inadvertently [were] filed without signatures due to court-imposed time pressures and lack of reasonable assistance required for pro se litigants administrative obstruction," or that "[a]n agreement existed between court personnel to obstruct emergency motions and delay proceedings" [Doc. No. 6 at 3]—suggest no more than a "sheer possibility" that court employees acted unlawfully.[3]

---

[1] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." *Va. Off. For Prot.*, 563. U.S. at 253.

[2] The Court notes that any claim against the Commonwealth under 42 U.S.C. § 1983—in federal or in state court—fails as a matter of law because states are not subject to suit under this statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[3] Further, judicial immunity extends to court employees who are acting at the direction of a judge. *See, e.g., Severin v. Parish of Jefferson*, 357 Fed. Appx. 601, 605 (5th Cir. 2009) (per curiam) ("A court employee who acts under the explicit instructions of a judge 'acts as the arm

      **4.**      **Doucette**

The only specific alleged misconduct by Doucette concerns his refusal to pay the judgment against him and attend state court hearings. Those are state law matters outside the purview of this civil rights action.

**VI.**    **Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis* [Doc. No. 2] is <u>GRANTED</u>.

2.    This action is <u>DISMISSED</u> on jurisdictional grounds and for failure to state a claim upon which relief may be granted.

3.    The motions for emergency relief [Doc. Nos. 3, 5] are <u>DENIED</u> as moot.

SO ORDERED.

                                                <u>/s/ Myong J. Joun</u>
                                                United States District Judge

---

of the judge and comes within his absolute immunity,' even if the employee acts 'in bad faith or with malice.'" (quoting *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir.1980) (per curiam))).